## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MiiCs & Partners, America, Inc. and Gold Charm Limited | ) ) ) ) |
| *Plaintiffs,* | ) Civil Action No. _____ ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| Funai Electric Co., Ltd., P&F USA, Inc. and Funai Corporation, Inc. | ) ) ) ) |
| *Defendants.* | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, MiiCs & Partners, America, Inc. ("MiiCs") and Gold Charm

Limited ("Gold Charm") (collectively referred to herein as "Plaintiffs"), by and

through their undersigned counsel, and for their complaint against the defendants

Funai Electric Co., Ltd., P&F USA, Inc. and Funai Corporation, Inc., (jointly

referred to herein as "Funai"), aver as follows:

## NATURE OF THE ACTION

1.      This is a civil action arising under the laws of the United States,

specifically for patent infringement arising under the Patent Laws of the United

States, Title 35 of the United States Code, §§ 1 *et seq.*

## THE PARTIES

2.      MiiCs & Partners, America, Inc. is a corporation organized under the laws of the State of Delaware, having a principal place of business at 749 Haycock Run Road, Kintnersville, PA  18930.

3.      Gold Charm Limited is an entity organized under the laws of the Independent State of Samoa, having a principal place of business at Offshore Chambers, P.O. Box 217, Apia, Independent State of Samoa.  Gold Charm Limited is a wholly owned subsidiary of Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), which is a joint-design, joint-development, manufacturing, assembly and after-sales services company to global computer, communication and consumer-electronics companies.

4.      Upon information and belief, defendant Funai Electric Co., Ltd. is a corporation organized under the laws of Japan, having its principal place of business at 7-7-1 Nakagaito, Daito city, Osaka 574-0013, Japan.

5.      Upon information and belief, defendant P&F USA, Inc. is a corporation organized under the laws of Georgia, having its principal place of business at 3015 Windward Plaza, Suite 100, Alpharetta, Georgia 30005.  P&F USA, Inc. is a wholly owned subsidiary of Funai Electric Co., Ltd.

6.      Upon information and belief, defendant Funai Corporation, Inc. is a corporation organized under the laws of New Jersey, having its principal place of

business at 201 State Route 17, Suite 903, Rutherford, New Jersey 07070. Funai

Corporation, Inc. is a wholly owned subsidiary of Funai Electric Co., Ltd.

## JURISDICTION AND VENUE

7.     This action arises under the Patent Laws of the United States of

America, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. §§ 271, 281,

and 283-285. This Court has subject matter jurisdiction over this action pursuant

to 28 U.S.C. §§ 1331-32 and 1338(a).

8.     This Court has personal jurisdiction over Funai at least because the

Funai has substantial, continuing, and on-going contacts with this State and judicial

district, and Funai has sold and continues to sell into this State and judicial district

the products at issue in this case.

9.     Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§

1391(b)-(d) and § 1400(b) in that acts of patent infringement and unfair

competition are occurring within this judicial district, and Funai is subject to

personal jurisdiction in this District.

10.     Funai is in the business of manufacturing, selling, offering for sale,

and importing televisions, monitors, panels and similar devices.

## FACTS

11.     In or about 2012, Hon Hai evaluated the investment in, or acquisition

of, a display manufacturing facility owned by Sharp Corporation. As part of its

due diligence relating to the potential investment or acquisition, Hon Hai sought to acquire a display technology patent portfolio.

12.     In or about 2012, Hon Hai reviewed a display technology patent portfolio owned by NEC Corporation ("NEC Patent Portfolio") in relation to its acquisition of the Sharp Corporation manufacturing facility.  The NEC Patent Portfolio included U.S. Patent Nos. 6,417,833; 5,850,275; 5,966,589; 6,909,053; 6,211,534; 6,734,927; 5,995,176; 7,460,190 and 5,870,163 ("Asserted Patents").

13.     In or about 2012, Hon Hai formed plaintiff Gold Charm as a holding company for a number of Hon Hai patents, including the NEC Patent Portfolio. The NEC Patent Portfolio was assigned to Hon Hai's intellectual property holding company, plaintiff Gold Charm.

14.     Plaintiff Gold Charm is the assignee of all right, title, and interest in and to the Asserted Patents *via* a November 30, 2012 assignment from NEC Corporation.

15.     Plaintiff MiiCs is a licensee of the Asserted Patents holding, all substantial rights in the Asserted Patents, including the right to make, have made, use, import, offer to sell or sell products covered by the Asserted Patents, to sue and collect past, present and future damages under the Asserted Patents and to seek injunctive relief or any other relief for infringement of the Asserted Patents.

16.    Plaintiff MiiCs is in the business of fostering open innovation and assisting patent holders to manage their patent portfolios, including the sale or licensing of intellectual property.

17.    Plaintiff MiiCs assists in the management, sales and commercialization of various aspects of Hon Hai's intellectual property, including patents assigned to plaintiff Gold Charm.  To that end, in April 2014, MiiCs facilitated the sale of a number of Hon Hai's communication technology patents to Google, Inc.

18.    On June 9, 2000, U.S. Patent Application No. 09/591,580 ("the '580 application") was filed.

19.    On July 9, 2002, the '580 application was issued by the U.S. Patent and Trademark Office ("USPTO") as U.S. Patent No. 6,417,833, titled "Liquid Crystal Display Apparatus and Method for Lighting Backlight Thereof" ("the '833 patent").  A true and correct copy of the '833 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

20.    The claims of the '833 patent are valid and enforceable.

21.    The '833 patent discloses and claims various novel and unique features relating to liquid crystal displays.

22.    Gold Charm is the assignee of all right, title, and interest in and to the '833 patent and MiiCs is the licensee of the '833 patent possessing rights to

5

recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

23.    Funai has not sought, nor obtained, a license under the '833 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '833 patent.

24.    On January 29, 1997, U.S. Patent Application No. 08/789,429 ("the '429 application") was filed.

25.    On December 15, 1998, the '429 application was issued by the USPTO as U.S. Patent No. 5,850,275, titled "Liquid Crystal Display" ("the '275 patent).  A true and correct copy of the '275 patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

26.    The claims of the '275 patent are valid and enforceable.

27.    The '275 patent discloses and claims various novel and unique features relating to a liquid crystal display.

28.    Gold Charm is the assignee of all right, title, and interest in and to the '275 patent and MiiCs is the licensee of the '275 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

29.     Funai has not sought, nor obtained, a license under the '275 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '275 patent.

30.     On December 12, 1997, U.S. Patent Application No. 08/989,573 ("the '573 application) was filed.

31.     On October 12, 1999, the '573 application was issued by the USPTO as U.S. Patent No. 5,966,589, titled "Method of Fabricating Thin Film Transistor Array" ("the '589 patent).  A true and correct copy of the '589 patent is attached hereto as Exhibit C and is incorporated by reference as if fully set forth herein.

32.     The claims of the '589 patent, in view of the Disclaimer in Patent Under 37 CFR § 1.321(a), filed June 24, 2014, are valid and enforceable.

33.     The '589 patent discloses and claims various novel and unique features relating to thin film transistor arrays.

34.     Gold Charm is the assignee of all right, title, and interest in and to the '589 patent and MiiCs is the licensee of the '589 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

35.     Funai has not sought, nor obtained, a license under the '589 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or

import any products embodying the invention disclosed and claimed in the '589 patent.

36.     On September 27, 2002, U.S. Patent Application No. 10/259,543 ("the '543 application") was filed.

37.     On June 21, 2005, the '543 application was issued by the USPTO as U.S. Patent No. 6,909,053, titled "Circuit Substrate Connecting Structure, Liquid Crystal Display Device having the Connecting Structure and Mounting Method of Liquid Crystal Display Device" ("the '053 patent").  A true and correct copy of the '053 patent is attached hereto as Exhibit D and is incorporated by reference as if fully set forth herein.

38.     The claims of the '053 patent are valid and enforceable.

39.     The '053 patent discloses and claims various novel and unique features relating to liquid crystal displays.

40.     Gold Charm is the assignee of all right, title, and interest in and to the '053 patent and MiiCs is the licensee of the '053 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

41.     Funai has not sought, nor obtained, a license under the '053 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or

import any products embodying the invention disclosed and claimed in the '053 patent.

42.     On May 12, 1999, U.S. Patent Application No. 09/310,574 ("the '574 application") was filed.

43.     On April 3, 2001, the '574 application was issued by the USPTO as U.S. Patent No. 6,211,534, titled "Thin Film Transistor Array and Method for Fabricating the Same" ("the '534 patent").  A true and correct copy of the '534 patent is attached hereto as Exhibit E and is incorporated by reference as if fully set forth herein.

44.     The claims of the '534 patent are valid and enforceable.

45.     The '534 patent discloses and claims various novel and unique features relating to liquid crystal displays.

46.     Gold Charm is the assignee of all right, title, and interest in and to the '534 patent and MiiCs is the licensee of the '534 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

47.     Funai has not sought, nor obtained, a license under the '534 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '534 patent.

48.     On November 14, 2002, U.S. Patent Application No. 10/293,487 ("the '487 application") was filed.

49.     On May 11, 2004, the '487 application was issued by the USPTO as U.S. Patent No. 6,734,927, titled "Liquid Crystal Display and Method of Fabricating Same" ("the '927 patent").  A true and correct copy of the '927 patent is attached hereto as Exhibit F and is incorporated by reference as if fully set forth herein.

50.     The claims of the '927 patent are valid and enforceable.

51.     The '927 patent discloses and claims various novel and unique features relating to a liquid crystal display.

52.     Gold Charm is the assignee of all right, title, and interest in and to the '927 patent and MiiCs is the licensee of the '927 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

53.     Funai has not sought, nor obtained, a license under the '927 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '534 patent.

54.     On March 21, 1997, U.S. Patent Application No. 08/821,930 ("the '930 application") was filed.

55.     On November 30, 1999, the '930 application was issued by the USPTO as U.S. Patent No. 5,995,176, titled "Liquid Crystal Display Apparatus having Pixels of Different Orientation of Liquid Crystal Capable of Shielding Leakage of Light Through the Discontinuity of Orientation" ("the '176 patent").  A true and correct copy of the '176 patent is attached hereto as Exhibit G and is incorporated by reference as if fully set forth herein.

56.     The claims of the '176 patent are valid and enforceable.

57.     The '176 patent discloses and claims various novel and unique features relating to a liquid crystal display.

58.     Gold Charm is the assignee of all right, title, and interest in and to the '176 patent and MiiCs is the licensee of the '176 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

59.     Funai has not sought, nor obtained, a license under the '176 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '176 patent.

60.     On August 20, 2004, U.S. Patent Application No. 10/923,432 ("the '432 application") was filed.

61.     On December 2, 2008, the '432 application was issued by the USPTO as U.S. Patent No. 7,460,190, titled "LCD Device Including a TFT for Reducing Leakage Currant" ("the '190 patent").  A true and correct copy of the '190 patent is attached hereto as Exhibit H and is incorporated by reference as if fully set forth herein.

62.     The claims of the '190 patent are valid and enforceable.

63.     The '190 patent discloses and claims various novel and unique features relating to liquid crystal displays.

64.     Gold Charm is the assignee of all right, title, and interest in and to the '190 patent and MiiCs is the licensee of the '190 patent possessing rights to recovery and holding all rights to sue for infringement, recourse for damages, and to seek injunctive relief.

65.     Funai has not sought, nor obtained, a license under the '190 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '190 patent.

66.     On January 31, 1997, U.S. Patent Application No. 08/791,612 ("the '612 application") was filed.

67.     On February 9, 1999, the '612 application was issued by the USPTO as U.S. Patent No. 5,870,163, titled "LCD Device with Connection Lines having

12

Different Resistances" ("the '163 patent").  A true and correct copy of the '163

patent is attached hereto as Exhibit I and is incorporated by reference as if fully set

forth herein.

68.     The claims of the '163 patent are valid and enforceable.

69.     The '163 patent discloses and claims various novel and unique

features relating to liquid crystal displays.

70.     Gold Charm is the assignee of all right, title, and interest in and to the

'163 patent and MiiCs is the licensee of the '163 patent possessing rights to

recovery and holding all rights to sue for infringement, recourse for damages, and

to seek injunctive relief.

71.     Funai has not sought, nor obtained, a license under the '163 patent and

is not authorized or permitted to market, manufacture, use, offer for sale, sell or

import any products embodying the invention disclosed and claimed in the '163

patent.

72.     Upon information and belief, for all times relevant to this Complaint,

Funai has been making, using, manufacturing, selling, offering for sale or

importing products covered by one or more claims of the Asserted Patents, and

continues to do so to this day.  By way of example, these products include, but are

not limited to:  the Philips 40" LED TV (Model No. 40PFL5708/F7), the Philips

40" LCD TV (Model No. 40PFL5706/F7), the Magnavox LED/LCD TV (Model

No. 26ME402V) and the Emerson LED TV (Model No. LD280EM4) (collectively referred to herein as "Accused Products").

73.    Upon information and belief, for at all times relevant to this Complaint, Funai has manufactured, used, sold or offered for sale many of the components found in the Accused Products which are covered by one or more claims of the Asserted Patents and continues to do so to this day.

74.    On information and belief, Funai knew or should have known that the Accused Products would be and are placed in the stream of U.S. commerce and actively offered for sale or sold the Accused Products to residents in the State of Delaware and elsewhere.

75.    Funai has not sought, nor obtained, a license under the Asserted Patents and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the Asserted Patents, including, but not limited to, the Accused Products.

## COUNT I
## INFRINGEMENT OF THE '833 PATENT

76.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77.    The '833 patent is presumed valid pursuant to 35 U.S.C. § 282.

78.    All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '833 patent.

14

79.     Upon information and belief, Funai has been and is currently engaging in acts which constitute infringement of one or more claims of the '833 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

80.     Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Funai.

81.     Upon information and belief, Funai has been and is directly infringing the '833 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '833 patent in violation of § 271(a), including, but not limited to, the Philips 40" LCD TV (Model No. 40PFL5706/F7) and other similar products, as well as additional Funai thin-film-transistor LCD panels, modules, displays, devices or related products having various Funai part numbers.

**COUNT II**
**INFRINGEMENT OF THE '275 PATENT**

82.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 81 of this Complaint as though fully set forth herein.

83.     The '275 patent is presumed valid pursuant to 35 U.S.C. § 282.

84.     All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '275 patent.

85.     Upon information and belief, Funai has been and is currently engaging in acts which constitute infringement of one or more claims of the '275 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

86.     Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Funai.

87.     Upon information and belief, Funai has been and is directly infringing the '275 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '275 patent in violation of § 271(a), including, but not limited to, the Philips LCD TV (Model No. 40PFL5706/F7), the Philips LED TV (Model No. 40PFL5708/F7), the Magnavox LED/LCD TV (Model No. 26ME402V), the Emerson LED TV (Model No. LD280EM4) and other similar products.

## COUNT III
## INFRINGEMENT OF THE '589 PATENT

88.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 87 of this Complaint as though fully set forth herein.

89.     The '589 patent is presumed valid pursuant to 35 U.S.C. § 282.

90.     All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '589 patent.

16

91.     Upon information and belief, Funai has been and is currently engaging in acts which constitute infringement of one or more claims of the '589 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

92.     Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Funai.

93.     Upon information and belief, Funai has been and is directly infringing the '589 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having a thin film transistor array made by a method that practices one or more claims of the '589 patent in violation of § 271(a), including, but not limited to, the Emerson LED TV (Model No. LD280EM4) and other similar products.

### COUNT IV
### INFRINGEMENT OF THE '053 PATENT

94.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 93 of this Complaint as though fully set forth herein.

95.     The '053 patent is presumed valid pursuant to 35 U.S.C. § 282.

96.     All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '053 patent.

97.     Upon information and belief, Funai has been and is currently engaging in acts which constitute infringement of one or more claims of the '053

patent in the United States, including, but not limited to, within this judicial

district, in violation of 35 U.S.C. § 271.

98.   Upon information and belief, for all times relevant, some or all of the

Accused Products were introduced into the marketplace by Funai.

99.   Upon information and belief, Funai has been and is directly infringing

the '053 patent by making, using, offering for sale, selling, or importing in or into

the United States, without authority, devices having circuit boards that practice one

or more claims of the '053 patent in violation of § 271(a), including, but not

limited to, the Philips 40" LED TV (Model No. 40PFL5708/F7) and the Philips

40" LCD TV (Model No. 40PFL5706/F7) and other similar products.

## COUNT V
## INFRINGEMENT OF THE '534 PATENT

100.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through

99 of this Complaint as though fully set forth herein.

101.   The '534 patent is presumed valid pursuant to 35 U.S.C. § 282.

102.   All requirements of 35 U.S.C. § 287 have been satisfied with respect

to the '534 patent.

103.   Upon information and belief, Funai has been and is currently

engaging in acts which constitute infringement of one or more claims of the '534

patent in the United States, including, but not limited to, within this judicial

district, in violation of 35 U.S.C. § 271.

104.   Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Funai.

105.   Upon information and belief, Funai has been and is directly infringing the '534 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having thin film transistor arrays that practice one or more claims of the '534 patent in violation of § 271(a), including, but not limited to, the Emerson LED TV (Model No. LD280EM4) and other similar products.

## COUNT VI
## INFRINGEMENT OF THE '927 PATENT

106.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 105 of this Complaint as though fully set forth herein.

107.   The '927 patent is presumed valid pursuant to 35 U.S.C. § 282.

108.   All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '927 patent.

109.   Upon information and belief, Funai has been and is currently engaging in acts which constitute infringement of one or more claims of the '927 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

110.   Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Funai.

111.   Upon information and belief, Funai has been and is directly infringing the '927 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '927 patent in violation of § 271(a), including, but not limited to, the Emerson LED TV (Model No. LD280EM4) and other similar products.

**COUNT VII**
**INFRINGEMENT OF THE '176 PATENT**

112.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 111 of this Complaint as though fully set forth herein.

113.   The '176 patent is presumed valid pursuant to 35 U.S.C. § 282.

114.   All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '176 patent.

115.   Upon information and belief, Funai has been and is currently engaging in acts which constitute infringement of one or more claims of the '176 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

116.   Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Funai.

117.   Upon information and belief, Funai has been and is directly infringing the '176 patent by making, using, offering for sale, selling, or importing in or into

the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '176 patent in violation of § 271(a), including, but not limited to, the Philips 40" LED TV (Model No. 40PFL5708/F7) and other similar products.

## COUNT VIII
## INFRINGEMENT OF THE '190 PATENT

118.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 117 of this Complaint as though fully set forth herein.

119.   The '190 patent is presumed valid pursuant to 35 U.S.C. § 282.

120.   All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '190 patent.

121.   Upon information and belief, Funai has been and is currently engaging in acts which constitute infringement of one or more claims of the '190 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

122.   Upon information and belief, for all times relevant, some or all of the Accused Products were introduced into the marketplace by Funai.

123.   Upon information and belief, Funai has been and is directly infringing the '190 patent by making, using, offering for sale, selling, or importing in or into the United States, without authority, devices having liquid crystal displays that practice one or more claims of the '190 patent in violation of § 271(a), including,

21

but not limited to, the Philips 40" LED TV (Model No. 40PFL5708/F7), the

Emerson LED TV (Model No. LD280EM4) and other similar products.

## COUNT IX
## INFRINGEMENT OF THE '163 PATENT

124.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through

123 of this Complaint as though fully set forth herein.

125.   The '163 patent is presumed valid pursuant to 35 U.S.C. § 282.

126.   All requirements of 35 U.S.C. § 287 have been satisfied with respect

to the '163 patent.

127.   Upon information and belief, Funai has been and is currently

engaging in acts which constitute infringement of one or more claims of the '163

patent in the United States, including, but not limited to, within this judicial

district, in violation of 35 U.S.C. § 271.

128.   Upon information and belief, for all times relevant, some or all of the

Accused Products were introduced into the marketplace by Funai.

129.   Upon information and belief, Funai has been and is directly infringing

the '163 patent by making, using, offering for sale, selling, or importing in or into

the United States, without authority, devices having liquid crystal displays that

practice one or more claims of the '163 patent in violation of § 271(a), including,

but not limited to, the Philips 40" LED TV (Model No. 40PFL5708/F7), the

Philips 40" LCD TV (Model No. 40PFL5706/F7), the Magnavox LED/LCD TV

22

(Model No. 26ME402V), the Emerson LED TV (Model No. LD280EM4) and other similar products.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, MiiCs & Partners, America, Inc. and Gold Charm Limited pray for judgment in their favor and against defendants Funai Electric Co., Ltd., P&F USA, Inc. and Funai Corporation, Inc. and request that this Court:

(a)     enter a finding and a judgment in favor of MiiCs and Gold Charm and against Funai for patent infringement in an amount to be ascertained and in an amount adequate to compensate MiiCs and Gold Charm for Funai's infringement of one or more claims of the Asserted Patents, including, but not limited to, Funai's profits, and in no event less than a reasonable royalty for the use made of the invention by Funai together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

(b)     enter a preliminary and permanent injunction against further and continued infringement of the claims of the Asserted Patents by Funai as provided by 35 U.S.C. § 283;

(c)     declare that this case is exceptional and award MiiCs and Gold Charm their reasonable attorney fees as the prevailing party, as provided by 35 U.S.C. § 285; and

(d)     grant MiiCs and Gold Charm such other and further relief as the Court may deem just and appropriate.

<table>
<tr><td><strong><u>Of Counsel:</u></strong></td><td><strong>PANITCH SCHWARZE BELISARIO & NADEL, LLP</strong></td></tr>
<tr><td>Frederick A. Tecce<br>Kimberly S. Chotkowski<br>Stephen E. Murray<br>Patrick T. Igoe<br>PANITCH SCHWARZE BELISARIO & NADEL<br>LLP<br>One Commerce Square<br>2005 Market Street, Suite 2200<br>Philadelphia, PA 19103<br>Telephone:  (215) 965-1330<br>ftecce@panitchlaw.com<br>kchotkowski@panitchlaw.com<br>smurray@panitchlaw.com<br>pigoe@panitchlaw.com</td><td>By:/s/Patricia Smink Rogowski<br>    Patricia Smink Rogowski (Bar No. 2632)<br>    John D. Simmons (Bar No. 5996)<br>    Dennis J. Butler (Bar No. 5981)<br>    Aaron Ettelman (Bar No. 5003)<br>    Applied Bank Center<br>    2200 Concord Pike, Suite 201<br>    Wilmington, DE 19803<br>    Telephone: (302) 824-7072<br>    progowski@panitchlaw.com<br>    jsimmons@panitchlaw.com<br>    dbutler@panitchlaw.com<br>    aettelman@panitchlaw.com</td></tr>
</table>

*Attorneys for Plaintiffs, MiiCs & Partners, America, Inc. and Gold Charm Limited*