## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIICS & PARTNERS AMERICA, INC. and GOLD CHARM LIMITED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 14-804-RGA ) |
| FUNAI ELECTRIC CO., LTD., P&F USA, INC., and FUNAI CORPORATION, INC., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants, | ) **REDACTED PUBLIC VERSION** ) |
| and | ) ) |
| SAMSUNG DISPLAY CO., LTD., | ) ) |
| Intervenor. | ) ) ) ) |

## JOINT STATUS REPORT
## FOLLOWING THE COURT'S RULING ON MOTIONS FOR
## PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT

Pursuant to the Court's August 11, 2017 Opinion and Order (D.I. 494, 495) granting

Intervenor Samsung Display Co., Ltd. (SDC)'s motion for partial summary judgment based on

the SDC license agreement (D.I. 310) and Defendant Funai's[1] motion for partial summary

judgment based on the ███████████████ (D.I. 314), the parties respectfully submit

this joint status report indicating the status of the case in light of the Court's ruling.

---

[1] Defendants Funai Electric Co., Ltd., P&F USA, Inc., and Funai Corporation, Inc., are referred to collectively as "Funai." Plaintiffs MiiCs & Partners America, Inc., and Gold Charm Limited are collectively referred to as "MiiCs."

PLAINTIFFS' STATEMENT:

In response to the Court's August 11, 2017 Memorandum Opinion (D.I. 494) instructing the parties to "file a joint status report indicating the status of the case in light of this ruling" (Id. at 15), Plaintiff responds as follows. Primarily, Plaintiffs disagree with any representations made by the Defendants regarding the outstanding motions and don't believe that this is the proper vehicle to debate these issues. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

████████████████████████████████████████████

███████████████████   ████████████████████████████████████████

█████████████████████████████████████████████████████ there are still three pending summary judgment motions, each of which are subject to all parties' request for oral argument. There are substantial issues of material facts concerning the pending summary judgment motions. ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

As to trial set for December 11-15, 2017, prior to the Court's Opinion, Plaintiffs were prepared to present their case-in-chief within the time allotted by the Court and in such a manner so as to reserve time for cross examination and rebuttal. Specifically, Plaintiffs' case will consist of one fact witness who will testify for less than thirty minutes; limited designated deposition testimony; two liability experts who will concisely demonstrate infringement for the limited

number of structures accused of infringing a limited number of claims of the remaining patents asserted against Funai; and a damages expert who will establish a reasonable royalty and royalty base. The Court's Opinion further ensures that Plaintiffs will be able to rest well within the time allotted.

DEFENDANTS' STATEMENT:

The Court's ruling removes the issue of infringement of the '833 patent from the case altogether, as all five product models that MiiCs accused of infringing the '833 patent are accused based on their inclusion of licensed components. The Court's ruling also substantially reduces the number of products accused of infringing the '589 patent and the '190 patent, as well as the potential amount of damages at issue as to those patents. Fifty-seven accused product models are now found not to infringe the '190 patent or the '589 patent. Thus, the total number of product models accused of infringing the '833, '190, or '589 patents is reduced by 62.[2] Forty-five of those 62 product models are now out of the case entirely.[3] █████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

The table below summarizes the effect of the Court's ruling, displaying the reduction in the number accused models and accused units at issue. The Accused Models column reflects the numbers of unique models of products accused of infringing the affected patents, before and

---

[2] MiiCs's allegations of infringement of the other remaining patents-in-suit (the '176, '534, and '927 patents) were not affected by the Court's ruling.

[3] All of the accused models having ████████████████████████████████████, ████████████████████████████ The remaining 17 of the 62 accused models are still in the case only because they are also accused of infringing the '927 patent.

after the Court's ruling.  The Accused Unit Sales column reflects sales of units of the accused

products, before and after the Court's ruling.

| Following the Court's Ruling: | | | |
|---|---|---|---|
| Patent | Accused Models | | |
| | Before | After | |
| '833 | 5 | 0 | |
| '190 | 78 | 21 | |
| '589 | 65 | 8 | |

Funai notes that there are two pending motions for summary judgment that may further

narrow the case.  One motion filed by SDC (D.I. 387) seeks summary judgment of non-

infringement of the asserted claims of the '589, '190, and '176 patents, and invalidity of the

asserted claims of the '190 and the '589 patents, and would be dispositive of MiiCs's asserted

claims as to these patents.  Another motion filed by Funai (D.I. 388) seeks summary judgment of

non-infringement of the asserted claims of the '927 patent as to certain products that were not

analyzed by MiiCs's expert, as well as summary judgment of non-infringement of the asserted

claims of the '589 patent and '190 patent.  Because all of the patents implicated in these motions

remain in the case, those motions have not been mooted by the Court's ruling on the license

motions.

Granting the pending summary judgment motions would significantly narrow the scope

of the case: only 15 accused product models ▮▮▮▮▮▮▮▮▮▮ would remain in the case.

4

████████████████████████████████████████

██████████████████████████

According to the present schedule in this case, the next deadline is October 27, 2017, for

MiiCs's proposed trial exhibits, motions *in limine*, and draft Pretrial Order. Trial is scheduled for

December 11–15, 2017, following a pretrial conference scheduled for December 1, 2017.


PANITCH SCHWARZE BELISARIO & NADEL, LLP

*/s/ Dennis J. Butler*
Dennis J. Butler (#5981)
John D. Simmons (#5996)
Aaron R. Ettelman (#5003)
2200 Concord Pike, Suite 201
Wilmington, DE  19803
(302) 394-6000
dbutler@panitchlaw.com
jsimmons@panitchlaw.com
aettelman@panitchlaw.com

*Counsel for Plaintiffs MiiCs & Partners America, Inc., and Gold Charm Limited*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pilar G. Kraman*
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Counsel for Intervenor Samsung Display Co., Ltd.*


ROSS ARONSTAM & MORITZ LLP

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
Nicholas D. Mozal (#5838)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for Defendants Funai Electric Co., Ltd., P&F USA, Inc., and Funai Corporation, Inc.*


Dated:  August 25, 2017