## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MiiCs & PARTNERS, INC., et al.,

    Plaintiffs,

v.

FUNAI ELECTRIC CO., LTD., et al.,

    Defendants.

SAMSUNG DISPLAY CO., LTD.,

    Intervenor.

Civil Action No. 14-804-RGA

## MEMORANDUM ORDER

Presently before the Court is the issue of claim construction of the term "disposed

between" in U.S. Patent No. 6,211,534 ("the '534 patent"). The parties did not request that the

Court construe this term in their *Markman* briefing, however, a dispute has since arisen between

the parties over its meaning. (*See* D.I. 506, 532; Civ. Act. No. 14-803, D.I. 564). The disputed

term appears in the following limitation in claim 1:

> nonlinear elements which are respectively *disposed between* one end of each of
> said gate wirings and said common conductor line on the gate wiring side and
> between one end of each of said signal lines and said common conductor line on
> the signal line side, and each of which comprises a plurality of TFTs . . . .

('534 patent, 15:60–65) (disputed term italicized).

Initially, Defendants proposed that I construe "disposed between" to mean

"electrically connected between." (D.I. 506 at 3). They now argue I should construe the

term according to its plain and ordinary meaning, or, alternatively, to mean "physically

located between, in whole or in part." (D.I. 532 at 1). Plaintiffs have not proposed an

alternative construction. They argue, however, that the limitation "plainly means that each nonlinear element (each of which comprises a plurality of TFTs) is disposed (positioned) between an end of a gate wiring and the common conductor on the gate wiring side." (Civ. Act. No. 14-803, D.I. 564 at 5). Further, based on statements made by Plaintiffs' expert, Dr. Watts, Defendants understand Plaintiffs to take the position that "disposed between" means "that the nonlinear elements cannot lie *anywhere other* than between the lines." (D.I. 532 at 1).

I for the most part agree with Defendants' second proposed construction, that is, "physically located between, in whole or in part." As Defendants note, "between" is ordinarily understood to mean "at, *into, or across* the space separating (two objects or regions)." (*Id.* at 2 (quoting Oxford Compact English Dictionary 92 (2000)). The plain meaning of the word does not require, therefore, that the nonlinear elements be entirely located between an end of a gate wiring and the common conductor line on the gate wiring side. Rather, a nonlinear element is still "between" those two components even if it simultaneously straddles one or both components.

Further, as Defendants point out, certain preferred embodiments of the '534 patent depict "a configuration in which the nonlinear element is entirely physically between the common conductor line and the end of the gate wiring/signal lines." (*Id.* at 3 (citing '534 patent, Figs. 8, 9)). It is generally improper, however, to import a limitation from the preferred embodiments into the claims. *E.g.*, *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 345 F.3d 1318, 1327 (Fed. Cir. 2003).

In my opinion, however, Defendants' use of the word "physically" is redundant and thus unnecessary. That a nonlinear element is "physically located" somewhere is

2

inherent in its being "located" somewhere. Accordingly, I will construe "disposed

between" to mean, "located between, in whole or in part."


Entered this __5__ day of December, 2017.

Richard G. Andrews

United States District Judge